IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CANDACE JOWERS, *individually and
on behalf of others similarly situated*,

    Plaintiff,

v.                                             No. 13-1036

NPC INTERNATIONAL, INC.,

    Defendant.

___

ORDER DENYING MOTION FOR EQUITABLE TOLLING
___

    On April 30, 2014, Plaintiffs, Candace Jowers and a number of other individuals who have opted-in to the suit, filed a motion for conditional certification of a collective action under § 216(b) of the Fair Labor Standards Act. (Docket Entry ("D.E.") 107.) Before a ruling on this motion was made, the Court entered an order denying another pending motion by Defendant, NPC International, Inc. ("NPC"), to dismiss the case or compel arbitration. (D.E. 139.) On August 22, 2014, NPC filed a notice of appeal as to this order. (D.E. 146.) The Court then dismissed Plaintiffs' motion for conditional certification without prejudice for administrative purposes. (D.E. 160.) Plaintiffs now move the Court to equitably toll the claims of potential opt-in plaintiffs. (D.E. 161.) Defendant has responded in opposition, (D.E. 165), and Plaintiffs have filed a reply, (D.E. 168). Accordingly, the motion is ripe for disposition.

    At the outset, NPC argues that this Court lacks jurisdiction to grant equitable tolling because of its pending appeal of the order denying its motion to compel arbitration. Indeed, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citation omitted); *see also Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013). The district court is not, however, completely without power to proceed in a case upon the filing of a notice of appeal. *See Williamson*, 731 F.3d at 626. "[I]t retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Id.* (citing *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007); *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). Moreover, an untimely notice of appeal will not divest a district court of jurisdiction, *Hobbs v. Cnty. of Summit*, 552 F. App'x 517, 519 (6th Cir. 2014), nor will a notice that is filed while certain motions remain pending in the district court, *see* Fed. R. App. P. 4(a)(4)(B).

In this case, Plaintiffs do not ask the Court to enforce a judgment or to engage in an activity in aid of the appellate process,[1] and NPC's notice of appeal was timely.[2] The core issue is, therefore, whether the motion for equitable tolling touches on an "aspect[] of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The Sixth Circuit has not yet addressed the limits of a district court's jurisdiction after a party initiates an appeal under 9 U.S.C. § 16(a), which permits, among other things, interlocutory review of a denial of a motion to compel arbitration. Other courts have developed two distinct approaches.

---

[1] Activities in aid of an appeal include "issu[ing] . . . an opinion that memorializes an oral ruling." *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (citing *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)). Also, "[t]he actions contemplated by a number of [the Federal Rules of Appellate Procedure] . . . may be placed in this category." 146A Charles Alan Wright, et al., *Federal Practice & Procedure: Jurisdiction* § 3949.1 (4th ed. 2015). This may include administrative matters such as requiring a bond for the costs of appeal, Fed. R. App. P. 7, and granting an initial stay of proceedings pending appeal, Fed. R. App. P. 8(a)(1).

[2] NPC's notice of appeal was initially premature, because it was filed while a motion to reconsider was pending. (*See* D.E. 147.) The notice of appeal took effect, however, after the Court denied that motion. *See* Fed. R. App. P. 4(a)(4)(B).

The Seventh Circuit and a majority of other circuit courts addressing the issue have taken a broad view of what is "involved in" a § 16(a) appeal under *Griggs* and determined that "[w]hether the litigation may go forward in the district court" at all "is precisely what the court of appeals must decide." *Bradford–Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (Easterbrook, J.); *see also Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 264 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160–62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251–53 (11th Cir. 2004) (per curiam); *Bombadier Corp. v. Nat'l R.R. Passenger Corp.*, No. 02-7125, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002) (per curiam). Under this rationale,

> [a]rbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.

*Bradford–Scott*, 128 F.3d at 506.

Led by the Ninth Circuit, some courts have disagreed and read *Griggs* more narrowly in this context. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908–10 (5th Cir. 2011); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411–12 (9th Cir. 1990). These decisions have treated appeals from denials of motions to compel arbitration as concerning only the issue of arbitrability. *See Weingarten Realty*, 661 F.3d at 908; *Motorola Credit*, 388 F.3d at 54; *Britton*, 916 F.2d at 1411. In reaching

this conclusion, these courts reasoned that the majority rule "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Britton*, 916 F.2d at 1412; *see also Weingarten Realty*, 661 F.3d at 908. Moreover, they note that district courts have the ability to stay proceedings pending an appeal from an order declining to compel arbitration, thereby committing the matter to its discretion. *Britton*, 916 F.2d at 1412.

Most district courts considering the issue in this circuit have adopted the majority position. *See Shy v. Navistar Int'l Corp.*, No. 3:92-CV-333, 2014 WL 1818907, at *4 (S.D. Ohio May 7, 2014); *Huffman v. Hilltop Companies, LLC*, No. 1:13-CV-00219, 2014 WL 695844, at *1 (S.D. Ohio Feb. 24, 2014); *Dental Associates, P.C. v. Am. Dental Partners of Michigan, LLC*, No. 11-11624, 2012 WL 1555093, at *2–3 (E.D. Mich. Apr. 30, 2012); *Levy v. Cain, Watters & Associates, P.L.L.C.*, No. 2:09-CV-723, 2010 WL 2560395, at *2 (S.D. Ohio June 23, 2010); *Cambio Health Solutions, LLC v. Reardon*, 228 F. Supp. 2d 883, 885–86 (M.D. Tenn. 2002). Indeed, only one court in this circuit has followed the Ninth Circuit's rationale. *See Tillman v. Macy's Inc.*, No. 11-10994, 2012 WL 12737, at *1–2 (E.D. Mich. Jan. 4, 2012). Determining which path to follow when faced with divergent authority may not, of course, be solved by mere arithmetic, but the Court finds the Seventh Circuit's reasoning to be well-founded.

A valid arbitration agreement generally removes disputes within its scope from federal court. *See Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012) ("[A]s a practical matter, an enforceable contractual right to compel arbitration operates as a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit."). In many instances, parties enter these agreements because arbitration will reduce litigation costs— or the parties to the agreement believe that it will. *See Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 387 (6th Cir. 2005); *Bradford–Scott*, 128 F.3d at 506. As the Seventh Circuit

4

noted, however, if proceedings continue in the district court after an appeal is taken under § 16(a), the risk arises that the parties will be required to engage in both litigation and arbitration, thereby multiplying costs. *Bradford–Scott*, 128 F.3d at 506. If the appellate court finds that a valid and enforceable contract exists, an exercise of jurisdiction by a district court in the interim could subvert the purpose of the agreement. Understood in this context, an arbitration appeal concerns whether the district court may hear the case at all. *See id.*

One of the primary concerns expressed by the minority is that a broad reading of *Griggs* in the arbitration context would allow defendants to significantly delay proceedings by filing frivolous motions to compel and then appealing them once they are denied. *See Britton*, 916 F.2d at 1412. While the threat of prejudice caused by a delay in proceedings is certainly nothing to be taken lightly, a frivolous motion to compel will not necessarily cause a substantial interruption. Under the Seventh Circuit's approach, if the circuit court determines that the motion to compel is frivolous, the district court retains jurisdiction. *Bradford–Scott*, 128 F.3d at 506 (noting that the risk of dilatory behavior "is a serious concern, but one met by the response that the appellee may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily" (citing *Abney v. United States*, 431 U.S. 651, 662 n.8 (1977))). Other courts have also authorized a district court to proceed after it certifies that an appeal is frivolous, further obviating this concern. *See, e.g.*, *McCauley*, 413 F.3d at 1162 ("[U]pon the filing of a motion to stay litigation pending an appeal from the denial of a motion to compel arbitration, the district court may frustrate any litigant's attempt to exploit the categorical divestiture rule by taking the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited.").[3]

---

[3] Sixth Circuit precedent is currently unclear as to whether a district court otherwise divested of jurisdiction may proceed after certifying an appeal as frivolous. *See McNeal v. Kott*, 590 F. App'x 566, 569–70 (6th Cir. 2014), *petition for cert. filed*, No. 14-8993 (U.S. Mar. 23, 2015). The opinion in *Yates v. City of Cleveland*, 941 F.2d 444, 448–49 (6th Cir. 1991) (citation omitted), suggests that a district court may "certify an [interlocutory] appeal as

Moreover, while a district court may have discretion to stay proceedings pending an appeal from certain orders, *see* Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a)(1)(A); *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989), this simply does not speak to its jurisdiction once a notice of appeal has been filed. Jurisdiction is a distinct, threshold matter. *See Dental Associates*, 2012 WL 1555093, at *4 (dismissing a motion to stay under Rule 62(a) after finding that the court lacked jurisdiction). As discussed above, the standard for whether jurisdiction exists after an appeal has been taken is whether the matter concerns an "aspect[] of the case involved in the appeal." *Griggs*, 459 U.S. at 58. Because it presents a separate issue, the existence of a general procedure for granting stays during the pendency of an appeal does not shed significant light on the extent of this Court's jurisdiction.

Accordingly, the Court follows the majority position and finds that it is without jurisdiction to consider Plaintiffs motion for equitable tolling. Further, Plaintiffs argue that potential opt-in plaintiffs will be severely prejudiced if the Court does not grant equitable tolling now, but, in this case, there appears to be no material difference in deferring consideration of the motion until after the conclusion of the appeal. As another court recognized under similar

---

frivolous" and retain jurisdiction over a matter. Later decisions, however, have been skeptical of this procedure. *See Adams v. Yontz*, Nos. 94-3767, 94-3770, 1996 WL 5563, at *3 (6th Cir. Jan. 5, 1996) (per curiam); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (order). Nevertheless, these cases may be read together consistently. *Dickerson* dealt specifically with a trial court that *dismissed* a notice of appeal after finding it frivolous and proceeded to trial without transmitting the notice to the Sixth Circuit. *Dickerson*, 37 F.3d at 251–52. The panel found that the appellate court "must determine its own jurisdiction and is bound to do so in every instance." *Id.* at 252 (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)). Ultimately, the Sixth Circuit reversed the district court only "insofar as [it] purport[ed] to dismiss the defendants' appeal." *Id.* Likewise, *Adams* can reasonably be read to hold only that the district court erred in *dismissing* the appeal. *See Adams*, 1996 WL 5563, at *3. The proper procedure, then, may be for a district court to certify an appeal as frivolous without dismissing it, allowing the appellate court to consider the issue and the district court to proceed in advance of its ruling. Moreover, to the extent that *Dickerson* and *Adams* are inconsistent with *McNeal*, they do not control. *See Wallace v. FedEx Corp.*, 764 F.3d 571, 584 (6th Cir. 2014) (noting that a prior published opinion from the Sixth Circuit "is the law of the circuit" and is binding "unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [an en banc panel] overrules the prior decision" (citations omitted) (internal quotation marks omitted)).

circumstances, "Plaintiffs can always seek equitable tolling from the Court, if and when such an issue becomes relevant." *Huffman*, 2014 WL 695844, at *2.[4] For these reasons, Plaintiffs motion for equitable tolling is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED this 4th day of June 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs argue the Court should reach the merits its motion because "NPC either admits it has no arbitration agreements or has not yet specifically claimed to have arbitration agreements" for certain individuals in the suit, and, regardless of the outcome of the appeal, "the action will continue" as to those individuals. (D.E. 168 at 3 n.3.) In their filings, Plaintiffs have not identified any such person in need of tolling, however. Even assuming that certain plaintiffs or potential plaintiffs who lack arbitration agreements require equitable tolling to preserve their claims—and that this Court has jurisdiction over this matter—nothing prevents the Court from granting relief after the disposition of the appeal. *See Huffman*, 2014 WL 695844, at *2.