THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **CANDACE JOWERS**, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**NPC INTERNATIONAL, INC.,**<br><br>Defendant. | Case No. 1:13-cv-01036-JDB-egb<br><br>**FLSA COLLECTIVE ACTION**<br><br>**JURY DEMANDED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION FOR EXPEDITED APPROVAL OF 29 U.S.C. § 216(b) COURT-SUPERVISED NOTICE AND CONSENT FORMS AND TO ORDER DISCLOSURE OF CURRENT AND FORMER DELIVERY DRIVERS OF DEFENDANT'S PIZZA HUT FRANCHISE RESTAURANTS (CONDITIONAL CERTIFICATION)**

### I. INTRODUCTION

In this FLSA collective action, Plaintiffs filed their original Motion for Expedited Approval of 29 U.S.C. § 216(b) Court-Supervised Notice and Consent Forms and to Order Disclosure of Current and Former Delivery Drivers of Defendant's Pizza Hut Franchise Restaurants (Conditional Certification) (D.E. 107; "Motion for Conditional Certification") on April 30, 2014. This Court administratively dismissed Plaintiffs' original Motion for Conditional Certification (D.E. 160) without prejudice due to Defendant's appeal of this Court's Order Denying Defendant's Motion to Dismiss or in the Alternative Compel Arbitration (D.E. 139) and the Order Denying Defendant's Motion for Reconsideration (D.E. 151) after Defendant delayed

1

in asserting arbitration rights for nearly fifteen months.[1] However, so as not to prejudice Plaintiffs as a result of such administrative dismissal, this Honorable Court indicated that Plaintiffs' Motion for Conditional Certification could be refiled after the appeal *"with its initial filing date intact."*[2] Since the Sixth Circuit recently affirmed this Court's ruling and concurred that Defendants engaged in dilatory tactics "deliberately motivated by some perceived tactical advantage" that caused Plaintiffs expense and delay,[3] Plaintiffs respectfully request that its Motion for Conditional Certification, which has been refiled as Plaintiff's Second Motion for Expedited Approval of 29 U.S.C. § 216(b) Court-Supervised Notice and Consent Forms and to Order Disclosure of Current and Former Delivery Drivers of Defendant's Pizza Hut Franchise Restaurants (Conditional Certification) ("Second Motion for Conditional Certification"), be hereby reinstated *with Plaintiffs' initial conditional certification filing date of April 30, 2014, intact.*

Plaintiffs' Second Motion for Conditional Certification requests the following relief: (1) Plaintiffs move for authorization to proceed as a collective action for minimum wage and overtime compensation violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on behalf of Plaintiffs and other similarly situated Delivery Drivers of Defendant's Pizza Hut franchise restaurants, nationwide, who were denied proper minimum wage and overtime compensation; (2) Plaintiffs request an Order directing Defendant to immediately provide Plaintiffs' counsel a computer readable file containing the names (last name first), last known physical addresses, last known email addresses, social security numbers, dates of employment and last known telephone numbers of all employees of Defendants who, like Plaintiffs, were Delivery Drivers at Defendant's Pizza Hut restaurants within the last three years; (3) Plaintiffs request that a Court-approved notice be posted at all of Defendant's Pizza Hut restaurants,

---

[1] (Order Dismissing Motion for Cond. Cert. of a Collective Action Without Prejudice, D.E. 160.)
[2] *See id*.
[3] *Gunn v. NPC Int'l, Inc.*, et al, Nos. 14-6036/6040/6041/6042/6044, at 6 (6th Cir. Aug. 28, 2015).

enclosed with all current Delivery drivers' next regularly scheduled paycheck or stub, and be mailed and emailed to Defendant's Delivery drivers who were employed at Defendant's Pizza Hut restaurants, nationwide, during the past three years so that they can assert their claims on a timely basis as part of this litigation; (4) Plaintiffs move this Court to equitably toll the statute of limitations for opt-ins who filed Consents to Join after Defendant's Motion to Compel Arbitration (D.E. 103) and future potential opt-ins as of April 25, 2014, the date on which Defendant filed its motion to compel arbitration (D.E. 103), or, in the alternative, on April 30, 2014, the date that Plaintiffs filed their conditional certification motion (D.E. 107);[4] and (5) Plaintiffs move this Court to issue an Order declaring that Opt-in Plaintiffs' Consent Forms are deemed to be "filed" on the date they were postmarked (except for those who have already opted into this action).

FLSA collective actions are very different than Rule 23 class actions. In FLSA collective actions, the filing of the complaint does not toll the statute of limitations. In addition, employees such as current and former delivery drivers of Defendant's Pizza Hut restaurants, must affirmatively "opt in" by filing a written consent to join and to participate in this case if they wish. 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir.

---

[4] This Court administratively dismissed without prejudice Plaintiffs' original Motion for Conditional Certification (D.E. 107) due to Defendant's appeal of this Court's Order Denying Defendant's Motion to Dismiss or in the Alternative Compel Arbitration (D.E. 139) and the Order Denying Defendant's Motion for Reconsideration (D.E. 151) after Defendants delayed in asserting any right to arbitration for nearly fifteen months. (Order Dismissing Motion for Conditional Certification of a Collective Action Without Prejudice, D.E. 160.) However, the Sixth Circuit recently affirmed this Court's ruling and concurred that Defendants engaged in dilatory tactics "deliberately motivated by some perceived tactical advantage" that caused expense and delay for Plaintiffs. *Gunn v. NPC International, Inc*., et al, Nos. 14-6036/6040/6041/6042/6044, at 6 (6th Cir. Aug. 28, 2015). Prior to the Sixth Circuit's ruling, this Court indicated that Plaintiffs' conditional certification motion could be refiled "with its initial filing date intact" after the appeal. (Order Dismissing Motion for Conditional Certification of A Collective Action Without Prejudice, D.E. 160.) Therefore, Plaintiffs request that this Motion for Conditional Certification be reinstated with its initial filing date of April 30, 2014 intact.

3

2001). To protect prospective plaintiffs, Courts routinely Order notices to be sent to prospective plaintiffs at the outset of litigation so that they may file consent forms and opt into the collective action. Indeed, the Honorable U.S. District Judges for the Western District of Tennessee, S. Thomas Anderson and James D. Todd, did just this in *Garrett, et al., v. Sitel Operating Corporation,* No. 2:10-cv-02900-STA-cgc (Appx. 1), and *Bailey v. Youth Villages, Inc.*, No. 1:07-cv-01089-JDT-sta (Appx. 2), respectively. Furthermore, the Honorable Magistrate Judge Edward G. Bryant issued a report and recommendation to grant conditional certification and court supervised notice under the FLSA in *Carter, et al., v. Jackson-Madison Co. Hospital Dist.,* No. 1:10-cv-01155-JDB-egb (Appx. 3). Subsequently the Honorable U.S. District Judge J. Daniel Breen adopted Magistrate Judge Bryant's report and recommendation in *Carter* (Appx. 4). More recently, Judge Bryant granted company-wide conditional certification and court-supervised notice in *Purdy, et al., v. Stanfill, Inc., et al.,* No. 1:13-CV-01211-egb (Appx. 5). The Honorable Aleta A, Trauger of the Middle District of Tennessee granted *nationwide* conditional certification and court-supervised notice in the FLSA collective action *Bradford, et al v. Logan's Roadhouse, Inc., et al*, No. 3:14-cv-2184 (Appx. 6). A proposed Notice is attached hereto as *Exhibit A*. A proposed Consent Form, to accompany the Notice, is attached as *Exhibit B*.

Plaintiffs must meet only a minimal showing to be entitled to send notice to prospective Plaintiffs. As set forth below, Plaintiffs need only submit affidavits or declarations sufficient to make a preliminary showing that the prospective Plaintiffs are "similarly situated" and that there is a reasonable basis for Plaintiffs' claims. 29 U.S.C. § 216(b).

A notice and opt-in period will facilitate consolidated resolution of minimum wage and overtime compensation claims based on common law and facts. Such collective adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources. Based on these reasons, the Court should promptly

authorize this case to proceed as a collective action, order the identification of the potential opt-ins, authorize the issuance of the proposed notice to be mailed and emailed to all current and former delivery drivers who are/were employed at Defendant's Pizza Hut franchise restaurants in the past three years, and authorize the proposed Notice and Consent to be enclosed with all current delivery drivers next regularly-scheduled paycheck or stub.

Through the detailed allegations in the Complaint in this action, the consents and declarations of Defendant's current and former delivery drivers at its Pizza Hut restaurants, along with supplemental declarations as listed below, Plaintiffs have provided far more than "substantial allegations" that Defendant's delivery drivers who are/were employed at its Pizza Hut restaurants during the past three years are similarly situated with respect to Defendant's common plan, policy and practice to require, force, encourage and/or suffer and permit its shift managers/leaders and class members to perform work, undergo training, and attend mandatory meetings "off-the-clock" without being compensated, in violation of the minimum wage and overtime compensation requirements of the Fair Labor Standards Act, during the Class period.

## II.  FACTUAL BACKGROUND

During the class period, Defendant has owned and operated Pizza Hut franchise restaurants in numerous states across the country, including: Alabama, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Minnesota, Mississippi, Missouri, North Carolina, North Dakota, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, and West Virginia. (*See* Complaint, Doc. #1, ¶7; Defendant's Answer, Doc. #17, ¶7).  Defendant's Pizza Hut restaurants employ delivery drivers whose job duties are to prepare pizza and other food items to be sold to customers and to deliver those food items to customers (*See* Complaint, Doc. #1, ¶19).

Named Representative Plaintiff, Candace Jowers, was employed by Defendant as an hourly-paid delivery driver at Defendant's Lexington, Tennessee Pizza Hut franchise restaurant during the Class period (*See* Complaint, Doc #1, ¶6). Declaration of Candace Jowers is attached hereto as *Exhibit C*.

Since this suit was filed, 107 additional Plaintiffs ("Consent Plaintiffs") have joined this action by filing consent forms pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they performed work, underwent training, and/or attended mandatory meetings "off the clock" without being compensated, in violation of the minimum wage and overtime compensation requirements of the Fair Labor Standards Act during the class period. (*See* "Consent Declarations", attached hereto as *Collective Exhibit D*).

Additionally, there are numerous Consent Plaintiffs and Supplemental Declarants from the companion cases, from numerous states nationwide, in which Defendant owned and operated franchised Pizza Hut restaurants during the last three years, stretching from Oregon to Florida and, from Colorado to Virginia. (*See* collective "Supplemental Declarations," attached hereto as *Collective Exhibits E, F, G and H*). On information and belief, more than seventy-five (75) percent of Defendant's Pizza Hut restaurants are located in such states.

The United States District Court of Kansas in *Wass v. NPC International, Inc*., Case No, 09-CV-2254 JWL/KGS (Appx. 7), granted Plaintiffs therein nationwide conditional certification based on fewer Declarations than those listed above. Likewise, The United States District Court of Colorado in *Smith v. Pizza Hut, Inc.,* Civil Action No. 09-cv-01632-CMA-BNB (Appx. 8), granted Plaintiff therein nationwide certification based on fewer declarations than those listed above.

Defendant's common plan, policy and practice required, forced, encouraged and/or suffered and permitted its delivery drivers, to perform work, undergo training, and/or attend

6

mandatory meetings "off the clock," without being compensated and/or required delivery drivers to perform non-tip-related work in the store while being on the tipped clock (i.e., being pre-dispatched), was in violation of the minimum wage and overtime compensation requirements of the Fair Labor Standards Act during the class period. Accordingly, Court supervised notice under § 216(b) of the Fair Labor Standards Act is appropriate and necessary.

### III. ARGUMENT

A.   FLSA Collective Actions

The FLSA's "collective action" provision allows one or more employees to bring an action for unpaid minimum wages and overtime compensation "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C § 216(b); *Hipp.* 252 F.3d at 1217. "The evident purpose of the Act [FLSA] is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." *Shain v. Armour & Co.,* F. Supp. 488, 490 (W.D. Ky. 1941).

At this pre-conditional certification stage, the Sixth Circuit only requires plaintiffs to meet a lenient "modest" standard that they are similarly situated. *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 547 (6th Cir. 2006); *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 583-84 (6th Cir. 2009); *Frye v. Baptist Mem'l Hosp., Inc.,* 2008 WL 6653632 (W.D. Tenn. 2008); *Roebuck v. Hudson Valley Farms, Inc.,* 239 F.Supp.2d 234, 238 (N.D.N.Y.2002). The standard for collective action notice is considerably "less stringent than that for joinder under Rule 20(a) . . . [or] [Rule 23(b)(3)] that common questions 'predominate.'" *Grayson v Kmart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied,* 117 S. Ct. 435 (1996).

In order to warrant FLSA collective action treatment, an employee need only show that she is suing her employer for herself and on behalf of other employees "similarly situated."

7

*Grayson*, 79 F.3d at 1096. That "similarly situated" standard is met where the class members share similar (but not necessarily identical) claims and positions. *Dybach*, 942 F.2d at 1567-68; *Frye v. Baptist Mem'l Hosp., Inc.,* 2008 WL 6653632 (W.D. Tenn. 2008) (plaintiff is only required to show that "his position is similar, not identical, to the positions held by the putative class members"); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *see also Realite v. Ark Rest. Corp.,* 7 F. Supp. 2d 303 (S.D.N.Y. 1998) (notice was authorized in minimum wage and overtime case for restaurant employees in 15 different restaurants who held a variety of different positions, including waiter, dishwasher, cook, and security guard).

Under this lenient similarly-situated standard, plaintiffs need only demonstrate that their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585 (plaintiffs' claims were unified because their employer forced them to work off the clock).

"At the notice stage, all that is required is substantial allegations supported by declarations, and once the plaintiff has met that burden, the case may be conditionally certified as a collective action." *White v. MPW Indust. Serv's, Inc*., 236 F.R.D. 363, 373 (E.D. Tenn. 2006); *see also Grayson.,* 79 F.3d at 1097 (burden of showing plaintiffs and potential opt-ins are "similarly situated" is met at the notice stage through detailed allegations in a complaint and supporting affidavits); *Sperling .v Hoffman-LaRoche, Inc.,* 118 F.R.D. 392, 406-07 (D. N.J. 1988), *aff'd.,* 493 U.S. 165, 110 S. Ct. 482 (1989). In conditional certification motions, factual questions and credibility issues must be resolved in favor of plaintiffs. *Monroe v. FTS, U.S.A., LLC*, 257 F.R.D. 634 (W.D. Tenn. 2009). Further, Defendant's rebuttal evidence does <u>not</u> bar § 216(b) notice; Plaintiffs' substantial allegations need only successfully engage the employer's affidavits or declarations to the contrary. *Grayson*, 79 F.3d at 1099 n.17.

Once the court makes the preliminary determination that the potential plaintiffs are

similarly situated, the case proceeds as a collective action throughout discovery. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Lynch v. United Services Auto Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007); *Hoffman v. Sbarro,* 982 F. Supp. 249, 261-62(S.D.N.Y. 1997); *Herrera v. Unified Mgmt.,* No. 99 C 5004, 2000 WL 1220973, at *2 (N.D. Ill. Aug. 18, 2000). Discovery is relevant after conditional certification both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. *See Mooney*, 54 F.3d at 1214; *Herrera*, 2000 WL 1220973, at *2 (notice is sent out and then "after discovery has taken place, the court determines whether the class should be restricted based on the 'similarly situated' requirement of the FLSA"); *see also Smith v. Lowe's Home Center, Inc.,* 236 F.R.D. 354 (S.D. Ohio) (holding that "Opt-in plaintiffs in a collective action under the FLSA would not be treated as ordinary party plaintiffs subject to individualized discovery at preliminary certification stage; instead, limiting discovery to a statistically significant representative sampling was appropriate").

   B. <u>Issuance of Notice is Appropriate in This Case as Plaintiff Meets the Similarly Situated Standard</u>

Plaintiffs readily meet the liberal standard for court facilitation of a FLSA collective action and court supervised notice. The Plaintiffs and other current and former delivery drivers are clearly similarly situated. As noted earlier, Plaintiffs have testified via declarations of numerous Consent and Supplemental Declarants who, not unlike Plaintiff Jowers, were required, forced, encouraged and/or suffered and permitted to perform work, undergo training and attend mandatory meetings "off-the-clock" without being compensated, in violation of the minimum wage and overtime compensation requirements of the Fair Labor Standards during the class period, as expressed in the above-referenced Opt-ins' declarations. This easily meets the FLSA's

9

lenient "similarly situated" standard.

In this case, all class members worked at one or more of Defendant's Pizza Hut restaurants under Defendant's common plan, policy and practice of requiring, forcing, encouraging and/or suffering or permitting its delivery drivers to perform work, undergo training and attend mandatory meetings "off the clock" without being compensated for such time, all in violation of the minimum wage and overtime compensation requirements of the FLSA during the Class period as expressed in the declarations of the Consent Declarants. Thus, all delivery drivers subject to Defendant's plan, policy and practice for Plaintiff and the Class members to perform work, undergo training and attend mandatory meetings "off the clock" without being compensated, are "similarly situated" for purposes of this Motion.

The courts also order notice to be sent to all employees subject to the plan, policy and practice at issue, the employment situations, job titles, locations or claims of the notified employees do not need to be the same. *Mershon v. Elastic Stop Nut Div. of Harvard Indus., Inc.,* Civ. No. 87-1319 (HLS), 1990 WL 484152, at *6 (D.N.J. Mar. 23, 1990) (citing *Lockhart v. Westinghouse Credit Corp.,* 879 F.2d 43, 52 (3d Cir. 1989); *Bishop,* 2009 WL 763946, at *5; *Heagney v. European Am. Bank,* 122 F.R.D. 125, 127 (E.D.N.Y. 1988). A "finding of 'similarly situated' does not require the plaintiffs to perform the same job in the same location as long as there is a discriminatory policy common to all." *Abrams v. Gen. Elec. Co.,* No. 95-CV-1734 (FJS), 1996 WL 663889, at *2 (N.D.N.Y. Nov. 4, 1996). Plaintiffs need only allege a factual nexus between the employees and the alleged policy; for example, that the same policy was in effect at other locations. *Realite,* 7 F.Supp.2d at 307-08; *Boyd v. Jupiter Aluminum Corp.,* No. 2:05-CV-227 PPSAPR, 2006 WL 1518987, at *5-6 (N.D. Ind. May 31, 2006); *Roebuck,* 239 F.Supp.2d at 238 (similarly-situated standard requires "a modest factual showing sufficient to demonstrate that [plaintiffs] and potential plaintiffs together were victims of a common policy or

10

plan that violated the law").

    C.    <u>The *O'Brien* Case from the Sixth Circuit</u>

In August of 2009, the Sixth Circuit handed down the seminal case on FLSA collective actions in this jurisdiction. *O'Brien v. Ed. Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009). The court used the *O'Brien* case to address a number of previously undecided issues regarding FLSA collective actions in this circuit.

In *O'Brien*, the plaintiffs brought two theories under the FLSA. First, they claimed they were required to work "off the clock." Second, they claimed the Defendants had electronically edited their time records. *Id.* at 573. In addressing the "decertification" standard, which is markedly more stringent that the phase one conditional certification and notice standard, the Sixth Circuit explained how lenient the FLSA collective action procedures are in the Sixth Circuit. Indeed, it rejected many of the arguments routinely advanced by defendants in opposing collective action status. The Sixth Circuit stated that "showing a 'unified policy' of violations is **not** required." *Id.* at 584 (emphasis added).

Likewise, the Sixth Circuit expressly stated that the need for individualized assessments of opt in plaintiffs does **not** defeat collective action status. The *O'Brien* court explained:

> Both the district court and the defendant note that to determine whether a particular violation took place in this case requires an individualized analysis that examines the facts of each alleged violation. For this reason, the district court decertified, determining that individualized issues predominated.
>
> Under the FLSA, opt-in plaintiffs only need to be "similarly situated." While Congress could have imported the more stringent criteria for class certification under Fed. R. Civ. P. 23, it has not done so. **The district court implicitly and improperly applied a Rule 23-type analysis when it reasoned that the plaintiffs were not similarly situated because individualized questions predominated**.

*Id.* at 584-85 (internal citations omitted)(emphasis added).

This begs the question as to what proof is necessary to proceed as a collective action. In *O'Brien*, the plaintiff suggested the following standard: a collective action is proper where the "causes of action under the FLSA accrued at about the time and place in the approximate same manner of the named plaintiff would be similarly situated' to the lead plaintiffs." *Id.* at 585. The court rejected this on the ground that this standard, which was suggested by the *plaintiff*, was too restrictive and "more demanding that what the statute requires." *Id.* Instead, the Sixth Circuit held:

> But in this case, the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct. The claims were unified so, because plaintiffs articulated two common means by which they were allegedly cheated: forcing employees to work off the clock and improperly editing time sheets.

*Id.* at 585. Accordingly, the Sixth Circuit held that collective action status in FLSA cases is proper where "claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*

The Court explained the rationale for this very lenient standard as follows:

[T]he collective action serves an important remedial purpose. Through it, a plaintiff who has suffered only a small monetary harm can join a larger pool of similarly situated plaintiffs. That pool can attract effective counsel who knows that if the plaintiffs prevail, counsel is entitled to a statutorily required reasonable fee as determined by the court.

*Id.* at 586 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Court-supervised notice is granted very liberally in virtually all jurisdictions. In the *O'Brien* case, the Sixth Circuit has perhaps made this the most lenient jurisdiction for such cases.

    D.    <u>Plaintiffs Easily Meet the *O'Brien*/Similar Situation Requirement</u>

Collective Action authorization and notice to the class is well warranted here, as Plaintiffs have more than demonstrated a "reasonable basis" for the class allegations. *See*

12

*Grayson,* 79 F.3d at 1097. Plaintiffs have set forth evidence that delivery drivers employed by Defendant at its Pizza Hut restaurants during the class period were not properly paid minimum and overtime wages. (See *Collective Exhibits C and D).* Defendant required, forced, encouraged and/or suffered and permitted Plaintiffs and Class members to perform work, undergo training and attend mandatory training "off the clock" so as to avoid paying them proper minimum wages and overtime compensation. (*See Collective Exhibit C and D*).

Failure to pay non-exempt hourly employees their statutory minimum wages and overtime premium is the most basic and blatant violation of the FLSA. *See* 29 C.F.R. § 778.107. Therefore, Plaintiffs have easily satisfied the standard for court-supervised notice under § 216(b) of the Fair Labor Standards Act.

      E.      <u>Notice Should Be Expedited Due to the Running of the Statute of Limitations</u>

Notice to the Class should be expedited in this action in order to prevent the wasting of the delivery drivers' claims due to the FLSA statute of limitations' provisions. The claims are governed by a two year statute of limitations or, in the case of a "willful violation," a three year statute of limitations. 29 U.S.C. § 255(a); *Knight*, 19 F.3d at 582. The statute of limitations is not tolled for any individual class member until that individual has filed a written consent to join form with the Court. 29 C.F. R. § 790.21(b)(2). The information contained in the proposed notice (*Exhibit A*) is thus essential to allow prospective plaintiffs to protect their interests. *See Belcher*, 927 F. Supp at 252 (ordering notice to all employees who were employed within the maximum, three year statute of limitations); *Herrera,* 2000 WL 1220973, at *2 (same).

      G.      <u>The Proposed Notice and Consent Forms are Fair and Adequate.</u>

Plaintiffs' Proposed Notice is attached as *Exhibit A*. Plaintiffs' Proposed Consent is attached as *Exhibit B*. These documents are similar in form and content to the notice and consent forms recently approved by the Honorable Aleta A. Trauger in *Bradford v. Logan's Roadhouse,*

13

*Inc.*, *et al.*, a nationwide collective action pending in the Middle District of Tennessee. No. 3:14-cv-02184, ECF. No. 121 (M.D. Tenn. Oct. 20, 2015) (Appx. 9).

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche,* 493 U.S. at 170. Court authorized notice prevents "misleading communications." *Id.* at 172; *Garner,* 802 F.Supp. at 422.

Plaintiffs' proposal for court-approved notice and consent forms (attached hereto as Exhibits A and B) to the potential opt-ins are "timely, accurate, and informative," as required. *Hoffman-LaRoche*, 493 U.S. at 172. The Notice provides notice of the pendency of the action and clarifies that a potential opt-in may join this collective action even if he signed NPC's most recent Agreement to Arbitrate (*Exhibit I*), which NPC disseminated to employees after this suit was filed.[5] Such clarification in the Notice is necessary because this Agreement to Arbitrate has the potential to mislead potential opt-ins into believing they are not eligible to join this collective action (or other companion collectives). For instance, the agreement states multiple times at the beginning that employees who have signed it cannot adjudicate their claims in court (as opposed to arbitration), except for one paragraph hidden near the end, which states as follows:

> NPC and I also agree that this Agreement to Arbitrate does not apply to any claim that was pending in any court on October 1, 2014. In other words, if I filed a claim (or joined or became part of a class action) on or before that date that is still active, then my case will proceed under the normal rules of that court or arbitration forum, and subject to any Agreement to Arbitrate already in existence. If someone else filed a claim on or before that date that is still active and was filed as a potential class or collective action, I may be able to join that case (if the court in that case allows) and if I desire to do so.

---

[5] In October of 2014, NPC disseminated another Arbitration Agreement (attached as Ex. I) to its employees that was vastly different than the agreement that NPC initially raised in its Motion to Compel Arbitration, the denial of which was recently affirmed by the Sixth Circuit. This new arbitration agreement by its very form may mislead the putative class into thinking that they are not eligible to join this collective action or the companion collectives since its disclaimer that they may join is hidden deep within the confines of such agreement as explained herein.

14

(Arbitration Agreement at 2.) However, this language indicating that an opt-in may in fact join a collective action, such as this one, that was filed on or before October 1, 2014, was not highlighted or placed in bold to call attention to the presence of such language, was hidden at the end of the paragraph on the last page of the agreement, was not placed near the beginning of the document to counteract the agreement's seeming initial sweeping prohibition on filing suit at all, and is thus likely to be misleading to potential opt-ins. Additionally, although putative opt-ins have an unfettered right to join in this collective action within the time frame permitted by the Court without administrative hassle other than filing the Consent to Join, the language in the last sentence of the foregoing paragraph (i.e., "that they 'may' be able to join that case (if the court in that case allows)") is likely to lead putative opt-ins to believe that they may not join the current suit without further administrative hassle, such as having to individually petition the court to permit them to do so.

In the Notice, Plaintiffs' legal claims are accurately described. Potential opt-ins are advised that Defendant is defending against the claims and that they are not required to participate. The notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. *See* 29 U.S.C. § 215(a)(3); *Reich v. Davis,* 50 F.3d 962, 964 (11th Cir. 1995). Overall, Plaintiffs' proposed notice is easy to read and written in plain English, informing Class members of their rights and how they can elect to participate in the action. The notice also describes the legal effect of joining the suit; describes the legal effect of not joining the suit; notes that the Court expresses no opinion regarding the merits of Plaintiffs' claims or Defendant's liability, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. *See* 29 U.S. C. § 215(a)(3) (anti-retaliation provision).

Plaintiffs propose that the notice and consent forms be emailed and mailed by counsel for Plaintiffs to all delivery drivers who were employed by Defendant at its Pizza Hut restaurants within the last three years. Those Class members interested in participating would be required to file their consents with the Court within one hundred twenty (120) days of such mailing. This is consistent with established practice under the FLSA. *Hoffman-LaRoche,* 493 U.S. at 172; *Garner,* 802 F. Supp. at 422 (cutoff date expedites resolution of action); *Hipp,* 164 F.R.D at 576 (120 day filing period); *Belcher,* 927 F. Supp. at 252-55 (exemplar of companywide notice).

Because the statute of limitations is daily destroying the former and current delivery drivers' abilities to collect unpaid minimum wages and overtime compensation, Plaintiffs also request that Defendant be ordered to internally post the notice prominently on any time clocks or computers used by Defendant's Pizza Hut delivery drivers (or alternatively on the bulletin boards where job notices are posted). *See, e.g., Cranney v. Carriage Servs., Inc.,* 2008 WL 608639, at *5 (D. Nev. 2008) (ordering notice to be posted in defendants' locations, e-mailed to employees, publicized in employee newsletter as well as mailed to employees); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E.D. Cal. 2006) (first class mail and posting at workplaces constituted "'best notice practicable'" to the class); *Johnson v. Am. Airlines, Inc.,* 531 F.Supp. 957, 964 (N.D. Tex. 1982) (notice ordered to be posted on employee bulletin boards at defendant's flight bases); *Frank,* 88 F.R.D. at 679 (posting on bulletin boards); *Kane v. Gage Merch. Servs., Inc.,* 138 F.Supp.2d 212, 216 (D. Mass. 2001) (requiring the provision of employee's e-mail address). Plaintiffs also request that the notices be included with all current delivery drivers' next regularly scheduled paycheck or stub. This is consistent with an Order issued by the Honorable Judge Robert L. Echols of the Middle District of Tennessee in *Johnson, et al., v. ECT Contracting, LLC,* No. 3:09-0130. (Appx. 10).

In sum, the proposed notice and consent (*Exhibits A* and *B*) are fair, accurate and should

16

be approved for distribution. Plaintiffs request that the notices be deemed "filed" on the date they are postmarked (except for those who have already Opted-In to this action) and that the statute of limitations be tolled as of at least the date that Plaintiff's original Motion for Conditional Certification was filed, so that prospective Class members will not have their statute of limitations run while the Consent Forms are being sent to them in the mail.[6]

### H.    The Disclosure of Names and Addresses is Essential to Ensure Timely Notice

Plaintiffs have moved for an Order instructing Defendants to disclose a mailing list of all prospective plaintiffs employed within the last three years.  Early disclosure of a mailing list for Class members is a routine component of notice in collective actions. *Hoffman-LaRoche,* 493 at 170 ("District Court was correct to permit discovery of the names and addresses..."); *Grayson,* 79 F.3d at 111 (ordering production of mailing list).  Indeed, such a mailing list is essential to timely notice. *See Hoffman-LaRoche*, 493 U.S. at 170 ("timely notice" required).  Defendant should therefore be ordered to produce to Plaintiffs' counsel the names (last name first), the last known physical addresses, last known email addresses, dates of employment, social security numbers and last known telephone numbers of all employees who worked as delivery drivers at

---

[6] This equitable power to suspend the limitations period is properly applied "where the interests of justice require vindication of the plaintiff's rights."  *Burnett v. New York Cent. R. Co.,* 380 U.S. 424, 428 (1965).  Moreover, the Supreme Court has made clear that the doctrine of equitable tolling "is read into every federal statute of limitations." *Holmberg v. Armbrecht,* 327 U.S. 392, 397 (1946).  Accordingly, it is beyond question that the statute of limitations found in the FLSA may be equitably tolled. Unlike class actions brought under Fed.R.Civ.P. 23, the statute of limitations is not automatically tolled for the putative class when the complaint is filed. In the context of FLSA collective actions, therefore, courts have equitably tolled the statute of limitations to preserve the claims of opts in plaintiffs. *See, e.g*., *Owens v. Bethlehem Mines Corp*., 630 F. Supp. 309 (S.D. Va. 1986) (tolling FLSA statute of limitations to account for delay in ruling on motion for notice); *Myers v. Copper Cellar Corp*., 3 WH Cases2d 1081 (E.D. Tenn. 1996) (tolling FLSA statute of limitations due to delay in notification of potential plaintiffs); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2008 WL 793838 (N.D. Cal. March 24, 2008). In certain circumstances, judges have tolled the statute of limitations from the filing of the complaint forward. See, e.g., *Boldozier v. American Family Mut. Ins*. Co., 375 F.Supp.2d 1089, 1093 (D.Colo. 2005).

Defendant's Pizza Hut restaurants during the last three years.

### IV. CONCLUSION

For the foregoing reasons, the Honorable Court should grant this motion to: (1) authorize this case to proceed as a collective action for unpaid minimum wages and overtime compensation violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on behalf of all delivery drivers who worked at Defendant's Pizza Hut restaurants during the last three years; (2) issue an Order directing Defendant to immediately provide Plaintiffs' counsel a computer-readable file containing the names (last name first), social security numbers, last known physical addresses, last known email addresses, dates of employment and last known telephone numbers of all delivery drivers who are/were employed at Defendant's Pizza Hut restaurants within the last three years; (3) issue an Order that notice be posted at Defendant's Pizza Hut restaurants, enclosed with all current deliver drivers' next regularly scheduled paycheck or stub, and be mailed and emailed to the delivery drivers so that they can assert their claims on a timely basis as part of this litigation; (4) equitably toll the statute of limitations for opt-ins who filed Consents to Join after Defendant's Motion to Compel Arbitration (D.E. 103) (which hindered the normal notice period) and for future potential opt-ins as of April 25, 2014, the date on which Defendant filed its motion to compel arbitration (D.E. 103), or, in the alternative, on April 30, 2014, the date that Plaintiffs filed their conditional certification motion (D.E. 107);[7] and (5) issue an

---

[7] This Court administratively dismissed without prejudice Plaintiffs' original Motion for Conditional Certification (D.E. 107) due to Defendant's appeal of this Court's Order Denying Defendant's Motion to Dismiss or in the Alternative Compel Arbitration (D.E. 139) and the Order Denying Defendant's Motion for Reconsideration (D.E. 151) after Defendants delayed in asserting any right to arbitration for nearly fifteen months. (Order Dismissing Motion for Conditional Certification of a Collective Action Without Prejudice, D.E. 160.) However, the Sixth Circuit recently affirmed this Court's ruling and concurred that Defendants engaged in dilatory tactics "deliberately motivated by some perceived tactical advantage" that caused expense and delay for Plaintiffs. *Gunn v. NPC International, Inc.*, et al, Nos. 14-6036/6040/6041/6042/6044, at 6 (6th Cir. Aug. 28, 2015). Prior to the Sixth Circuit's ruling, this Court indicated that Plaintiffs' conditional certification motion could be refiled "with its initial

Order declaring that Opt-in Plaintiffs' Consent Forms are deemed to be "filed" on the date they were postmarked (except for those who have already opted into this action).

Respectfully Submitted,

s/ Gordon E. Jackson
Gordon E. Jackson (TN Bar No. 08323)
James L. Holt, Jr. (TN Bar No. 012123)
J. Russ Bryant (TN Bar No. 033830)
Paula R. Jackson (TN Bar No.020149)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on this the 10th day of November, 2015. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Gordon E. Jackson
Gordon E. Jackson

---

filing date intact" after the appeal. (Order Dismissing Motion for Conditional Certification of A Collective Action Without Prejudice, D.E. 160.) Therefore, Plaintiffs request that this Motion for Conditional Certification be reinstated with its initial filing date of April 30, 2014 intact.

19